# CHARLESTON.

## STATE v. MARVIN DAVIS.

### Submitted May 9, 1922.    Decided May 16, 1922.

JURY—*Verdict will be Set Aside and Judgment Reversed Where Some of the Veniremen Were Disqualified.*

Upon the trial of one indicted for stealing the goods of a railway company, the employees of such company are prima facie disqualified to be placed upon the panel of twenty required by law, or to sit on the jury of twelve selected therefrom to try the case; and the verdict of a jury so impaneled and constituted in whole or in part of such disqualified veniremen, if objected to, will be set aside, and the judgment thereon reversed.

Error to Circuit Court, Summers County.

Marvin Davis was convicted of stealing goods, and he brings error.

*Reversed, and remanded.*

*Wm. H. Sawyers* and *T. J. Lilly,* for plaintiff in error.
*E. T. England,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for the State.

MILLER, JUDGE:

The defendant was indicted, tried and convicted of stealing certain goods, the property of the Chesapeak and Ohio Railway Company, of the value of more than twenty dollars, and was sentenced to the penitentiary for the period of two years.

The only error urged or argued here by defendant's counsel is that the court below overruled his objection to six of the panel of jurors and allowed three of them, admittedly

employees of the Chesapeake and Ohio Railway Company, to be sworn to try the case, and who did sit on the trial thereof and participate in the verdict against him.

What the evidence taken on their voir dire, if any, may have shown regarding the other qualifications of these jurors the record does not show; but if the main objection is good, the other facts become immaterial.

In the recent case of *State* v. *Dushman,* 79 W. Va. 747, the defendant objected to employees of the railway company being included in the panel of twenty jurors from which he was called upon to exercise his right of peremptory challenge. We decided in that case that the error was fatal to the trial, though none of the employees of the railway company were chosen or sat as jurors on the trial, because under the rules of the common law defendant was entitled to a panel of twenty qualified jurors before being required to exercise his right of peremptory challenge. And we held in that case what is particularly applicable here, namely, that an employee of a railway company *prima facie* is disqualified to sit as a juror on the trial of one indicted for stealing, or buying or receiving property of the railway company alleged to have been stolen.

Such being the law, the judgment must be reversed for this if for no other reason.

The record shows that there was a demurrer to the indictment, which was overruled. It also shows that there was a motion made for a new trial, based on the alleged refusal of the court to admit proper evidence offered by defendant; and objections were made to the giving of instructions offered by the State. But these supposed errors apparently are not relied on here. In fact no brief was filed on behalf of the prisoner. However, we have examined all these questions by reference to the record and find no error in the rulings of the trial court thereon.

But for the error in relation to the impaneling of the jury we reverse the judgment, set aside the verdict, and remand the case to the circuit court for a new trial.

*Reversed, and remanded.*