STATE OF WEST VIRGINIA

*v.*

JOHN EVERS KOTON, JR.

(No. 13331)

Submitted January 22, 1974.    Decided March 5, 1974.

*Ronald R. Brown, Richard E. Rowe* for plaintiff in error.

*Chauncey H. Browning, Jr.,* Attorney General, *Richard E. Hardison,* Deputy Attorney General, *David P. Cleek,* Assistant Attorney General, for defendant in error.

BERRY, JUSTICE:

This is an appeal by John Evers Koton, Jr., hereinafter referred to as defendant, from a final order of the Circuit Court of Preston County entered March 22, 1972. The defendant was convicted by a jury of grand larceny and receiving stolen goods. The defendant alleges numerous errors occurred during the trial, but primarily relies on the contention that it was error to allow the jury to return two verdicts against him, contending that he could not have been guilty of both larceny and receiving stolen goods since they are mutually exclusive.

The defendant's petition for a writ of error and supersedeas was granted on February 19, 1973. The case was submitted for decision on January 15, 1974 on the briefs and oral arguments filed on behalf of the respective parties.

The defendant was indicted by the grand jury of Preston County at the March, 1971 term of court. The indictment charged the defendant with grand larceny in the first count and receiving stolen goods in the second count. On March 31, 1971 the jury returned separate verdicts of guilty on each count. On April 1, 1971 the defendant was sentenced to one to ten years in prison for the crime of grand larceny.

The defendant had originally been arrested on or about September 6, 1970 on a breaking and entering charge arising out of the same incident for which he was later indicted for grand larceny and receiving stolen goods. However, the indictment for breaking and entering was dismissed, and the defendant was then indicted for grand larceny and receiving stolen goods. Prior to the trial the defendant made a motion to compel the state to elect

upon which count it would proceed but the motion was denied.

The indictment charged the defendant in the first count with grand larceny of two guns, namely, a 30-30 caliber Winchester rifle and a Marlin Century 22 caliber rifle, along with numerous boxes of shells. In the second count of the indictment the defendant was charged with receiving the same stolen goods allegedly stolen by him in the first count.

During the course of the trial the court permitted the state to introduce certain evidence over the defendant's objections which in effect related to the offense of breaking and entering the store from which the guns and ammunition were stolen. The court permitted the state to introduce into evidence a latent fingerprint which was found on the cash register in the store, and also allowed the state to introduce into evidence certain tools that were apparently used in connection with the breaking and entering, namely, a crowbar and two screwdrivers. These tools were found inside the store but there was no evidence introduced that the defendant had any connection with them. The fingerprint which was found on the cash register was not that of the defendant. The most incriminating fact that the state presented into evidence was that the defendant sold the stolen goods to one Harold Sigley for $50. This sale took place a day or two after the goods were stolen.

The State Police recovered the guns and ammunition from Harold Sigley and the serial numbers on the guns matched the serial numbers on the guns that were stolen from the store. The guns and ammunition were introduced into evidence by the state over the objection of the defendant. The defendant contended the boxes of shells were not identified as those stolen and therefore should not have been introduced into evidence. Harold Sigley testified for the state that the defendant indicated that the goods were "hot", and also testified that the defendant sold him the guns and ammunition for a total price of

$50. Sigley stated that the defendant gave him a bill of sale. However, the defendant signed the note "Clyde Cleaver" instead of signing his real name.

The state's two fingerprint experts were unable to identify the fingerprints of the defendant with any of the latent prints that were found in the store. However, they did identify two latent prints of the defendant that were on the gun boxes that were found in Sigley's possession after the defendant sold the goods to Sigley.

At the conclusion of the state's evidence the defendant again moved that the state be compelled to elect upon which count of the indictment it would proceed. However, the court again overruled this motion of the defendant.

The defendant did not introduce any evidence on his behalf and the jury returned verdicts finding the defendant guilty on both counts in the indictment. The defendant objected to the finding by the jury of guilty on both counts of the indictment on April 3, 1971 and moved for the court to set aside the verdict and to grant a new trial, which motion was overruled. He was sentenced to one to ten years on November 26, 1971.

Subsequent to these proceedings, the defendant brought a habeas corpus proceeding in this Court and because of an improper sentence the defendant was re-sentenced on March 22, 1972 to one to ten years in the state penitentiary at Moundsville, and this appeal was taken from that judgment.

On this appeal the defendant contends that the court erred in not compelling the state to elect upon which count of the indictment it was going to proceed before the case was submitted to the jury. The defendant also contends that the court erred in permitting the jury to return two separate verdicts finding the defendant guilty on each count. The defendant further contends that the court committed error in admitting into evidence matters relating to the crime of breaking and entering; in

admitting into evidence a latent fingerprint taken from the cash register in the store and the crowbar and screwdrivers that were introduced into evidence in connection wtih the breaking and entering; in allowing the introduction of the shells into evidence as exhibits because they could not definitely be ascertained as the same shells that were stolen; and in failing to direct a verdict in his favor at the conclusion of the state's evidence. Finally, the defendant contends that the court erred in giving certain state's instructions, namely, state's instructions 1 and 3, and in refusing to give certain defendant's instructions.

There is no merit to the contention of the defendant that the trial court should have directed a verdict in his favor at the conclusion of the state's evidence. The defendant did not testify at the trial and no evidence was offered in his behalf. The evidence introduced by the state clearly shows that the stolen property was in the defendant's possession soon after it was stolen, and when he sold the goods he indicated to the buyer that they were "hot". This evidence was sufficient to convict the defendant of being guilty of the crimes charged in the indictment. If the defendant did not actually steal the property but received it knowing that it had been stolen, he is deemed guilty of larceny under the statute in this state and subject to the same penalty. Code 61-3-18; *State v. Goldstrohm*, 84 W.Va. 129, 99 S.E. 248.

The errors assigned pertaining to evidence relating to the breaking and entering of the building from which the property was stolen, pertaining to the identification of the shells that were allegedly stolen from the store, and pertaining to the testimony of the handwriting expert were not prejudicial to the defendant and constituted harmless errors. Although the defendant was not charged with breaking and entering, the evidence relating thereto merely showed that the store from which the stolen goods had been taken had been broken into. The shells for the rifles were identified by the owner of the store as being

the same kind of shells stolen from the store. The finger-print expert testified that the fingerprints were not those of the defendant, and the handwriting expert could not identify the name signed to the bill of sale as being the handwriting of the defendant although the person who received the bill of sale testified that he saw the defendant sign it.

Instruction number 1, offered by the state and given by the court over the objection of the defendant, read: "The Court instructs the Jury that if you believe from the evidence that the defendant was in possession of recently stolen property, that this is a circumstance tending to show that the possessor was the thief and may be considered in connection with all other attending circum-stances and facts in evidence." However, the additional language "but of itself is not prima facie evidence of guilt" should have been added at the end of the instruction.

Instruction number 3, pertaining to the theft of the property by the defendant or with another person, offered by the state and given over the objection of the defendant, would not appear to be supported by the evidence in-troduced at the trial since there was no concrete evidence connecting the defendant to the actual theft. Thus, both of these instructions were improper under the evidence introduced by the state and unnecessary under the law applicable to such cases, because, under Code 61-3-18, if the defendant knowingly received the stolen goods he was deemed guilty of larceny.

The assignment of error with regard to the refusal to give certain instructions offered on behalf of the de-fendant is not well taken. These instructions were either improper or covered by other instructions.

The contention of the defendant that it was error on the part of the trial court not to require the state to elect between the first count in the indictment charging grand larceny and the second count in the indictment

charging receiving stolen property before submitting the case to the jury, is without merit. The crimes are related and Code 62-2-24 specifically provides that a count for receiving stolen goods may be joined with a count for larceny. The general rule with regard to this matter is that it rests in the sound discretion of the trial court whether to require the state to elect between counts of an indictment, and generally the state is not required to elect unless the defendant will be confused in his defense or will be prejudiced by the failure of the court to require the state to elect. *State v. Larue*, 98 W.Va. 677, 128 S.E. 116; *Mitchell v. Commonwealth*, 141 Va. 541, 127 S.E. 368; *Pointer v. United States*, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed.208. It was held in the case of *State v. Larue, supra*, that ordinarily the discretion of the trial court in refusing to compel the state to elect upon which of two or more counts of an indictment it will proceed to try the defendant is not reversible error. Point 4 of the syllabus of the *Larue* case states that: "A joinder as separate counts in one indictment of several offenses, which though distinct in point of law, yet spring out of substantially the same transaction, cannot operate to the legal prejudice of the accused; and he is not entitled as a matter of right in such case to compel an election." This matter is discussed in 66 Am. Jur. 2d *Receiving Stolen Property* § 16, in the following language: "Counts for larceny and for receiving stolen goods may be joined, according to the practice in many jurisdictions, and the prosecution is not required to elect between counts of an indictment charging ground larceny and receiving stolen goods, although a defendant may not be convicted of both, where they are distinct offenses."

The contention of the defendant that it was error for the jury to return two separate verdicts of guilty on the part of the defendant, one finding the defendant guilty of grand larceny and the other finding the defendant guilty of receiving stolen goods, and the contention that the court should have instructed the jury that it could either return a verdict of guilty on the grand larceny count or the

receiving stolen goods count, but not both, is well taken. The case of *Milanovich v. United States,* 365 U.S. 551, 81 S. Ct. 728, 5 L. Ed. 2d 773, involved a similar situation. In that case the defendant was indicted on two counts. The first count charged stealing government property and the second receiving and concealing government property. In that case it was held that although the defendant may have been guilty on both counts the trial court erred in not charging the jury that it could convict her of either larceny or receiving property, but not both. It was stated in the case of *State v. McGraw,* 140 W.Va. 547, 85 S.E.2d 849, that the crime of larceny and the crime of receiving stolen goods were separate offenses.

It was held in the case of *State v. Fowler,* 117 W.Va. 761, 188 S.E. 137, that the statute with regard to receiving stolen property, Code 61-3-18, contemplates two separate people, one who stole the goods and one who received the stolen goods, although under the statute the person who received the stolen goods is guilty of larceny. *State v. Goldstrohm, supra; State v. Wallace,* 118 W.Va. 127, 189 S.E. 104.

It appears from the authorities that if a defendant is charged in two counts of an indictment with larceny and receiving stolen goods, even though they are related crimes, the jury cannot find the defendant guilty in separate verdicts on both counts and the court should instruct the jury that it can return a verdict of guilty on either count, but not both. *Milanovich v. United States, supra; State v. Shelbrick,* 33 N.J. Super. 7, 109 A.2d 17.

For the reasons stated herein, the judgment of the Circuit Court of Preston County is reversed, verdicts of the jury set aside and a new trial is granted to the defendant.

> *Judgment reversed;*
> *verdicts set aside;*
> *new trial granted.*