STATE OF WEST VIRGINIA

*v.*

ROBB L. WILCOX

(No. 14658)

Decided January 19, 1982.

*William E. Simonton, III,* for plaintiff in error.

*Chauncey H. Browning* Attorney General, *and Ann V. Gordon,* Assistant Attorney General, for defendant in error.

PER CURIAM:

Robb L. Wilcox appeals from a breaking and entering conviction in the Circuit Court of Doddridge County. Wilcox consolidates his assignments of error into five arguments in support of reversal. He argues that the trial court erred in: (1) denying his motion to strike two prospective jurors for cause; (2) admitting into evidence photographs of the vehicle in which he was riding at the time of his arrest; (3) admitting testimonial evidence of incriminating statements he made while in custody; (4) denying his motion for a directed verdict of acquittal based on insufficient evidence; and (5) refusing to give an instruction permitting the jury to return a verdict of petit larceny. Concluding that no reversible error was committed and that Wilcox received a fair trial by an impartial jury, we affirm.

We address the defendant's contentions in the order presented and thus begin by considering whether the trial court committed reversible error by denying the defendant's motion to strike two prospective members of the jury panel for cause. Wilcox was charged with the breaking and entering of Michel's Pharmacy located in West Union, West Virginia. During the *voir dire* the trial court asked if any venireman were employed by the defendant or by Charles Michels, the owner of the victimized pharmacy. Two persons stated that they were employed by Donald Michels, the victim's brother, at the Champion Agage Company in Pennsboro, West Virginia. The defendant neither questioned these individuals nor made any attempt to show that either of them had any interest in the outcome of the proceedings. The trial judge conducted a thorough *voir dire* examination of the members of the panel asking them, among other things, whether there was any circumstance which would in any degree interfere with their ability to fairly and impar-

tially try the case on the law and the evidence. Three prospective jurors were struck for cause. At the conclusion of the *voir dire,* the defense moved to strike the two employees of Donald Michels based on the existence of the employer-employee relationship. The motion was denied.

It is not disputed that a criminal defendant in a felony trial is entitled to exercise six preemptory strikes against a panel of twenty jurors who are free from challenge for cause under common law. Under this rule, it is reversible error to deny a valid challenge for cause even if the disqualified juror is later struck by a preemptory challenge. *W.Va. Code,* 62-3-3; *State v. Beck,* No. 14549 (W.Va. filed July 17, 1981); *State v. West,* 157 W.Va. 209, 217, 200 S.E.2d 859, 864-65 (1973); *State v. Riley,* 151 W.Va. 364, 151 S.E.2d 308 (1966); Syl. pt. 1, *State v. Dushman,* 79 W. Va. 747, 91 S.E. 809 (1917). The only question then is whether the two prospective jurors were disqualified to serve as jurors at common law. The *prima facie* grounds for disqualification at common law were reiterated in *State v. Riley, supra* at 383, 151 S.E.2d at 320:

"(1) Kinship to either party within the ninth degree; (2) was arbitrator on either side; (3) that he has an interest in the cause; (4) that there is an action pending between him and the party; (5) that he has taken money for his verdict; (6) that he was formerly a juror in the same case; (7) that he is the party's master, servant, counsellor, steward, or attorney, or of the same society or corporation with him; and causes of the same class or founded upon the same reason should be included."

It is clear that the prospective jurors were not disqualified under any of the principal causes for disqualification at common law. We are not cited to any authority supporting Wilcox's argument, and we have found no cases on this precise point in our research. The most similar West Virginia cases are distinguishable. In *State v. Dushman, supra,* and *State v. Davis,* 91 W.Va. 241, 112 S.E. 414 (1922), employees of companies which had been robbed were permitted to serve on juries trying persons for stealing and for buying and receiving property taken

from the companies. The Court reasoned in these cases that a victimized company and its employees alike would have an interest in the outcome of criminal trials relating to stolen company property. The employees were thus held disqualified under the third ground a common law set out above. Here the jurors challenged are farther removed from the parties to the proceeding and had no interest in the outcome.

Although we are of the opinion that the trial court would not have abused its discretion by striking the two prospective jurors, e.g., syl. pt. 8, *State v. McCausland*, 82 W.Va. 525, 532, 96 S.E. 938, 940-41 (1918), we conclude the trial court did not commit error by refusing to strike the jurors for cause. The defense did not attempt to question these jurors to determine to what extent the employer-employee relationship might have influenced them, and there is no evidence indicating they had any bias or prejudice toward the accused. Consequently, we find no merit in this contention.

Wilcox next contends that the trial court erred in admitting Trooper Doak's testimony that he made an incriminating oral statement while in custody at the Guernsey County, Ohio, jail.

Trooper Doak testified in an *in camera* hearing that the defendant made an oral statement after he had been advised of his constitutional rights and had indicated he understood them and agreed to answer questions. No other officers were present, and the defendant did not sign a written waiver of his *Miranda* rights. Doak testified that the defendant admitted being in the van in West Union near in time to the breaking and entering but denied involvement in the crime. The defendant testified that "to the best of my knowledge . . . I asked" for counsel when Trooper Doak first began questioning and that he twice renewed the request. Wilcox admitted that he was given his *Miranda* rights. Trooper Doak denied ever hearing Wilcox ask for counsel.

We find no error in the admission of the testimonial evidence of the defendant's oral statement. *State v. Rissler*, ___ W.Va. ___, 270 S.E.2d 778 (1980) established two pertinent legal principles relating to this issue, and the analysis employed in that opinion is applicable here. Syllabus Points 1 and 2 reads:

> (1) "It is not invariably necessary that a person under interrogation make an explicit oral or written statement of waiver in order that it may be properly concluded as a matter of law that the person has waived the right to counsel as guaranteed by *W.Va. Const.* art. III §14 and U.S. Const. *amend,* VI, or has waived the right to remain silent as guaranteed by *W.Va. Const.* art. III §5 and *U.S. Const.* amend. V." (Emphasis omitted)

> (2) "In the trial of a criminal case, the State must prove, at least by a preponderance of the evidence, that a person under custodial interrogation has waived the right to remain silent and the right to have counsel present."

Under the *Rissler* analysis, we conclude the evidence clearly supports the trial court's ruling that Wilcox waived his *Miranda* rights. Wilcox was given his rights in proper form and there is no question that Wilcox fully understood them. On the issue of whether Wilcox requested counsel, the trial court resolved the credibility issue against his and its finding in this regard is supported by the evidence. We conclude that the State met its burden of proof.

Wilcox next contends the trial court erred in denying his motion for a directed verdict of acquittal based on the insufficiency of the evidence. In reviewing the sufficiency of the evidence upon a motion for a directed verdict of acquittal, we apply the standard set out in Syllabus Point 1 of *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978):

> "In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the

defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done."

Applying that rule here, we conclude there was substantial evidence from which an impartial jury could rationally conclude beyond a reasonable doubt that Wilcox was a participant in a breaking and entering. The basic facts are undisputed. On May 9, 1978, between 3:30 a.m. and 4:00 a.m., a breaking and entering occurred at Michel's Pharmacy in West Union and several narcotic drugs, including injectible vitamins, were taken.

A dark metallic blue 1973 Dodge Van with Ohio license plates and one burnt-out headlight on the passenger side was observed in the town of West Union around the time the crime was committed. The van pulled into a parking area next to the county emergency squad about 1:30 a.m., and one of the men in the truck asked the squad workers if they could park the van in the lot and sleep. About two hours later, Wilcox entered the squad building and asked about getting a tire on the van fixed in Clarksburg or in Parkersburg. He returned to the van and shortly thereafter the van was driven from the parking lot toward Neeley Avenue where the pharmacy was located.

The van was next observed outside West Union, heading west. The van was stopped by members of the West Virginia Department of Public Safety on U. S. Route 50 about five to ten miles east of Parkersburg at about 5:00 a.m. The defendant and two companions were riding in the van. Shortly thereafter, drugs and empty drug boxes from Michel's Pharmacy were found on the berm of U. S. Route 50, near where the van had been stopped. Later a more extensive search of the van was conducted, revealing a toboggan hidden in a passenger door containing bottles of drugs identified as having been taken from Michel's Pharmacy. Some of the bottles found in the

toboggan matched up with the empty boxes found on the highway.

Wilcox argues that the State's evidence merely shows he was in the vincinity of the crime at the time it was committed and that he was subsequently found in the company of individuals who were in possession of the stolen property. The evidence shows more than that.

The fact that Wilcox was not in sole possession of the recently stolen property did not preclude the jury from considering it against him. In *State v. Craft*, ____ W.Va. ____, 272 S.E.2d 46 (1980), we recently discussed at some length the question of what weight may properly be given to evidence that the defendant was in exclusive possession of recently stolen property. In the third syllabus, we adhered to the following rule:

> "The exclusive possession by an accused person of property recently stolen, either by simple larceny or by theft thereof from a dwelling or other building, is not of itself *prima facie* evidence that the person in whose possession the goods are found is the thief; but such possession is, nevertheless, a strong circumstance to be considered with other evidence, facts and circumstances properly tending to prove the guilt of such person." Syllabus Point 1, *State v. Etchell*, 147 W.Va. 338, 127 S.E.2d 609 (1962).

Although no instruction as to the exclusive possession of recently stolen property was given in this case, Wilcox nonetheless contends the presence of the stolen goods in the van in which he was riding as a passenger cannot be considered against him. We do not agree. There is substantial authority for the proposition that where there are other facts and circumstances tending to prove a defendant's guilt, the exclusive possession of recently stolen property that will support an inference of guilt need not be sole possession, but may be joint. In other words, exclusive possession of recently stolen property may include joint possession by two or more persons. *Carter v. Commonwealth*, 209 Va. 317, 163 S.E.2d 589 (1968); Annot., 51 A.L.R.3rd 727 §§4, 6b, 15b (1973).

In the circumstances of this case, the presence of the stolen property in the van was strong circumstantial evidence tending to show the defendant's guilt, which could be considered along with the other incriminating facts and circumstances in evidence. Wilcox was placed in the van at all critical times, both before and after the crime was committed, thus excluding the hypothesis that he was an innocent hitchhiker who joined the other individuals after the crime was committed. Viewing the evidence in the most favorable light to the State, we are not persuaded that the evidence is manifestly inadequate or that an injustice has been done and, accordingly, we will not interfere with the jury's verdict.

The final assignment of error is that the trial count erred in refusing to give the defendant's instruction that would permit the jury to return a verdict of petit larceny, if the State proved all the elements of the crime of receiving stolen property beyond all reasonable doubt. The short answer to this argument is that defendant's petit larceny instruction was in fact an instruction for the offense of receiving stolen property, *see, e.g., State v. Basham,* 159 W.Va. 404, 233 S.E.2d 53 (1976). In *State v. Koton,* 157 W.Va. 558, 202 S.E.2d 823 (1974), we recognized that a trial might be held on an indictment charging receiving stolen property and the larceny of such goods but the defendant could not be convicted on both counts. However, *Koton,* is not authority for the defendant's right to offer an instruction for receiving stolen property at a trial for breaking and entering. It is, of course, not error to refuse an erroneous instruction.

For the foregoing reasons, the judgment of the Circuit Court of Doddridge County is affirmed.

*Affirmed.*