572 S.E.2d 920

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Susan BROWN, Defendant Below, Appellant.**

**No. 30403.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 17, 2002.

Decided Nov. 4, 2002.

Jason D. Parmer, Esq., Morgantown, for Appellant.

Darrell V. McGraw, Jr., Esq., Attorney General, Allen H. Loughry, II, Esq., Senior Assistant Attorney General, Charleston, for Appellee.

PER CURIAM.

This case is before this Court upon appeal of a final order of the Circuit Court of Monongalia County entered on May 2, 2001. In that order, the appellant and defendant below, Susan Brown, was sentenced to three concurrent terms of one-to-ten years in the penitentiary for her convictions of falsifying accounts, larceny by embezzlement, and larceny by fraudulent scheme. However, the appellant's sentences were suspended and she was placed on probation for five years and ordered to pay restitution to her employer. In this appeal, the appellant claims that her right of protection from double jeopardy was violated. She also contends that the circuit court erred by allowing a witness for the State to comment upon her pre-arrest silence.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order is reversed, and this case is remanded to the circuit court with directions to enter new orders of conviction and sentencing consistent with this opinion.

## I.

## FACTS

The appellant was employed by the West Virginia University Wise Library in Morgantown, West Virginia, from 1990 until 1996 as an accountant. Her duties included handling payroll, sick leave, and vacation time. In addition, the appellant managed deposits from satellite offices, recording them and making consolidated deposits in the West Virginia University Bursar's Office.

During the appellant's employment, library employees were permitted to cash personal checks in cash boxes kept in the library vault. In 1996, one of the appellant's coworkers discovered that the appellant and a student worker had cashed several personal checks in the vault, but the checks, some which were six months old, had never been deposited in the Bursar's Office. The co-worker reported his discovery to the appellant's supervisor who began an investigation.

Although the checks found in the cash boxes were deposited and cleared within a few days, the appellant's supervisor decided to conduct an informal audit. Her audit revealed discrepancies in the library's financial records. Thereafter, a full scale audit was performed by Fred McCartney, a senior auditor at West Virginia University. Mr. McCartney determined that $28,509.84 had been embezzled from the library between 1993 and 1996.

On January 6, 2000, the appellant was indicted by a Monongalia County grand jury on charges of falsifying accounts, larceny by embezzlement, and larceny by fraudulent scheme. She was found guilty of all three charges on July 13, 2000. Thereafter, she was sentenced to one-to-ten years imprisonment on each count with the sentences to run concurrently. However, the sentences were suspended and she was placed on probation for five years and ordered to pay restitution to the Library of not less than $200.00 monthly. This appeal followed.

## II.

## STANDARD OF REVIEW

The first issue in this case concerns an alleged violation of the double jeopardy clause set forth in Article III, Section 5 of the West Virginia Constitution.[1] This Court has held that "a double jeopardy claim [is] reviewed *de novo*." Syllabus Point 1, in part, *State v. Sears,* 196 W.Va. 71, 468 S.E.2d 324 (1996).

The second issue presented in this appeal involves the admission of certain testimony at trial. The appellant did not object to the testimony at trial, and thus, the testimony will be reviewed only for "plain error." The " 'plain error' standard of review requires error that is clear or obvious and that affects substantial rights which in most cases means that the error is of such great magnitude that it probably changed the outcome of trial." *State v. Omechinski,* 196 W.Va. 41, 47, 468 S.E.2d 173, 179 (1996), *citing State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995). With these standards in mind, we now address the issues before us.

## III.

## DISCUSSION

As set forth above, the appellant assigns two errors in this appeal. Both issues are discussed below. However, we only find

---

1. Article III, Section 5 of the West Virginia Constitution provides:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. Penalties shall be proportioned to the character and degree of the offence. No person shall be transported out of, or forced to leave the State for any offence committed within the same; nor shall any person, in any criminal case, be compelled to be a witness against himself, or be twice put in jeopardy of life or liberty for the same offence.

merit in the appellant's double jeopardy claim.

## A. Double Jeopardy

The appellant first contends that her convictions of larceny by fraudulent scheme and larceny by embezzlement violate her constitutional protection against double jeopardy. This Court has held that:

> "The Double Jeopardy Clause in Article III, Section 5 of the *West Virginia Constitution*, provides immunity from further prosecution where a court having jurisdiction has acquitted the accused. It protects against a second prosecution for the same offense after conviction. It also prohibits multiple punishments for the same offense." Syllabus Point 1, *Conner v. Griffith*, 160 W.Va. 680, 238 S.E.2d 529 (1977).

Syllabus Point 2, *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992). Relying upon this Court's recent decision in *State v. Rogers*, 209 W.Va. 348, 547 S.E.2d 910 (2001), the appellant argues that her convictions for both larceny by fraudulent scheme and larceny by embezzlement arising out of the same act or transaction constitute multiple punishments for the same offense in violation of the double jeopardy clause.

In Syllabus Point 9 of *Rogers*, this Court held that:

> In the absence of proof that a defendant obtained "services" by a fraudulent scheme, every element necessary for a conviction of larceny by fraudulent scheme under West Virginia Code § 61-3-24d (1995) (Repl.Vol.2000) is also an element for conviction of an agent or employee for larceny by embezzlement under West Virginia Code § 61-3-20 (1929) (Repl.Vol. 2000).

The appellant says that there is no evidence that she obtained "services" by a fraudulent scheme, and therefore, her convictions for both larceny by fraudulent scheme and larceny by embezzlement violate the double jeopardy clause. She requests reversal of her convictions and a new trial.

In response, the State concedes that the appellant's convictions for both larceny by fraudulent scheme and larceny by embezzlement violate the double jeopardy clause.

However, the State contends that the remedy for this violation is re-sentencing, and not a new trial, in accordance with *Rogers*. We agree.

In *Rogers*, this Court determined that a new trial was not necessary even though the defendant has been convicted of four larceny charges in violation of the double jeopardy clause. The defendant, Thomas Rogers, was convicted of larceny by false pretense and larceny by fraudulent scheme for illegally selling licensed inventory computer software to a beer company. Rogers was also convicted of larceny by fraudulent scheme and larceny by embezzlement for selling the software without the software company's consent. As set forth above, this Court determined that absent proof that Rogers obtained "services" by fraudulent scheme, his convictions of larceny by fraudulent scheme and larceny by embezzlement violated double jeopardy proscriptions. Syllabus Point 9, *Rogers*, *supra*. Likewise, this Court also found that Rogers' convictions of larceny by false pretense and larceny by fraudulent scheme violated the double jeopardy clause. *See* Syllabus Point 8, *Rogers* ("Every element necessary for a conviction of larceny by false pretense under West Virginia Code § 61-3-24 (1994) (Repl.Vol.2000) is also an element for conviction of larceny by fraudulent scheme under West Virginia Code § 61-3-24d (1995) (Repl.Vol.2000)."). In summary, we determined that the evidence supported no more than two larceny convictions, one for Rogers' conduct toward the beer company and the other for his actions with respect to the software company.

In determining the appropriate remedy for the error in *Rogers*, we stated that:

> Finally, we are compelled to question whether allowing the jury to consider all four charges at issue in this cause when Appellant, at most, was subject to punishment for only two offenses of larceny constituted reversible, prejudicial error, requiring a new trial or whether some less drastic remedy might be fashioned. We are mindful of our holding in *State v. Koton*, 157 W.Va. 558, 202 S.E.2d 823 (1974), that the failure to instruct the jury that it might return a verdict of guilty to no more

than one of two inherently inconsistent offenses constitutes reversible error. The offenses in the instant case represent alternative theories for proving larceny, involving the same criminal conduct as to each victim. The situation here is much more akin to an indictment charging premeditated murder and, alternatively, felony murder. In these latter circumstances, this Court has held that the case may be put to the jury under either theory, that the jury may convict under either theory and that it is of no moment if some of the jurors convicted under one theory and the rest under the alternative theory so long as the entire jury agreed upon the verdict of guilty. We believe that under the circumstances here, it is appropriate to treat the jury verdict in like manner, as two findings of guilt, one for the larceny of the property of [the beer company] and the other for the larceny of the property of [the software company]. As a consequence, it is not necessary in our view to order a new trial. All four of the offenses before us are expressly stated by the statutes defining them to constitute larceny. It will be sufficient here to correct the conviction record and to re-sentence Appellant for two counts of larceny, that is, one count as to each victim.

209 W.Va. at 362–63, 547 S.E.2d at 924–25 (footnotes omitted). Accordingly, the case was remanded for a new order of conviction and re-sentencing for only two larceny convictions. For the same reasons set forth in *Rogers*, we do not believe it is necessary to disturb the guilty verdict in this case. Therefore, we reverse the final order entered on May 2, 2001, and remand this case to the circuit court with directions to enter a new conviction order for one count of larceny and one count of falsifying accounts based upon the indictment and the verdict of the jury. The court is further directed to re-sentence the appellant for said convictions.

### B. Plain Error

■ The appellant also contends that the circuit court erred by allowing Fred McCart-

ney, who testified on behalf of the State, to answer questions regarding her pre-arrest silence. Mr. McCartney testified that he scheduled a meeting with the appellant, but she did not show up or respond to his attempts to contact her thereafter.[2] The appellant claims that such testimony could have been construed by the jury as a comment upon her right to remain silent.

■ The record shows that the appellant never objected to Mr. McCartney's testimony at trial, nor did she preserve the issue during post-trial motions. This Court has held that "[t]his Court will not consider an error which is not properly preserved in the record nor apparent on the face of the record." Syllabus Point 4, *State v. Browning*, 199 W.Va. 417, 485 S.E.2d 1 (1997). The appellant argues that the error in this instance is apparent and that the plain error doctrine should be applied. We disagree.

■ "For the purposes of West Virginia's 'plain error' rule, a 'plain' error is one that is clear and uncontroverted at the time of appeal." Syllabus Point 2, *State v. Marple*, 197 W.Va. 47, 475 S.E.2d 47 (1996). Having reviewed the trial transcript, we do not believe the admission of Mr. McCarthy's testimony constituted error, plain or otherwise. *See State v. Walker*, 207 W.Va. 415, 419 n. 2, 533 S.E.2d 48, 52 n. 2 (2000) ("We point out that the protections afforded a defendant for post-*Miranda* silence are generally not available for pre-arrest silence. This Court noted approvingly in [*State v.*] *Oxier*, 175 W.Va. [760,] 761 n. 1, 338 S.E.2d [360,] 361 n. 1 [ (1985) ], language from the decision in *Jenkins v. Anderson*, 447 U.S. 231, 240, 100 S.Ct. 2124, 2130, 65 L.Ed.2d 86, 96 (1980), that 'impeachment by use of prearrest silence does not violate the Fourteenth Amendment.' ").

### IV.

### CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Monongalia County is reversed, and this case

---

**2.** Mr. McCartney conducted his audit approximately a year before the police investigation of this case began.

is remanded to the circuit court for entry of new conviction and sentencing orders consistent with this opinion.

Reversed and remanded with directions.