332 S.E.2d 240

**Albert S. WHITE, et al.**

v.

**Kathryn F. LOCK.**

**No. 16401.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 30, 1985.

Decided June 26, 1985.

James F. Cain, Elkins, for appellant.

Mark D. Nigh, Ware & Nigh, Philippi, for appellee.

PER CURIAM:

This is an appeal by Albert S. and M. Pauline White, plaintiffs below, from an order of the Circuit Court of Randolph County, entering judgment upon a jury verdict for the appellee and denying appellants' motion for a directed verdict and motion to set aside the verdict of the jury and grant a new trial.

The action was brought to recover damages for injuries sustained by the appellants when their car was struck by a pickup truck driven by the appellee, Kathryn F. Lock. Ms. Lock was driving herself to work on a snowy morning. Visibility was good, but the roadways were snow-covered. The temperature was hovering around the freezing mark, and most witnesses described the road conditions as slushy and slippery. Ms. Lock drove over the crest of Norton Hill heading east on Route 33 toward Elkins. The White's car, with Mr. White driving, was approaching from the opposite direction and was starting to climb the hill. Ms. Cook applied her brakes to decelerate as she descended, and the truck started to slide across to her left side of the highway while continuing down the hill. Mr. White, seeing the truck approaching in his lane, pulled off the road to his right. According to his testimony, he got off the road as far as possible and stopped. His left wheels were still on the roadway because a ditch prevented him from pulling off any further. Ms. Lock could not control her vehicle, and it slid until it collided with the White's car.

The Whites sued Ms. Lock to recover damages for their injuries, alleging in their complaint that Ms. Lock wilfully, recklessly, and negligently caused the collision. A jury found for the defendant. The Whites moved for a directed verdict, and for the court to set aside the jury verdict and grant a new trial. These motions were denied, and the Whites appealed.

The appellants assign as error (1) the failure of the trial court to strike for cause a potential juror who worked for the same company as the defendant; (2) not permitting a state trooper to testify regarding the issuance of a citation against the defendant; (3) improper intrusion of the trial court including comments on the evidence, interruption of cross-examination, and refusal to allow impeachment of the defendant by prior inconsistent statements; (4) failure to strike certain testimony of a witness regarding roadway conditions; (5) failure to direct a verdict for the plaintiffs and failure to set aside the jury's verdict and grant a new trial; (6) the giving of instructions on unavoidable accident and sudden emergency; (7) failure to give a proper instruction on sudden emergency; and (8) cumulative effect of all errors.

## I

During *voir dire*, when the court asked if any of the potential jurors were personally acquainted with the defendant, there was no response. After *voir dire* was completed, but prior to striking the jury, the appellants' counsel informed the court that a member of the venire worked at the same supermarket as the defendant, and moved to strike that juror for cause. The court denied the motion because appellants' counsel failed to question the jurors about co-employment when he had the opportunity to do so. The juror subsequently was eliminated by one of appellants' peremptory strikes.

■ We find no merit in the contention that the challenged juror should have been struck for cause. The fact that a potential juror and a party have a common employer is not a *prima facie* disqualification. *See State v. Wooldridge*, 129 W.Va. 448, 40

S.E.2d 899 (1947). *See also Grandquest v. Williams*, 273 Ala. 140, 135 So.2d 391 (1961). The appellee's employer had no interest, pecuniary or otherwise, in the action, *Watkins v. B & O Railroad*, 130 W.Va. 268, 43 S.E.2d 219 (1947); nor was the employer in any sense a victim. *State v. Dushman*, 79 W.Va. 747, 91 S.E. 809 (1917); *State v. Davis*, 91 W.Va. 241, 112 S.E. 414 (1922).

" 'The true test as to whether a juror is qualified to serve on the panel is whether without bias or prejudice he can render a verdict solely on the evidence under the instructions of the court.' Syl. pt. 1, *State v. Wilson*, 157 W.Va. 1036, 207 S.E.2d 174 (1974)." Syl. pt. 1, *W.Va. Dept. of Highways v. Fisher*, 289 S.E.2d 213, *cert. den.* 459 U.S. 944, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982).

Here, the appellants sought disqualification of a juror on the sole basis of co-employment status. Such status raises no inference of bias or prejudice on the part of the potential juror.

## II

During the examination of Trooper Peter Strniste, the investigating officer, appellants' counsel asked whether any citations had been issued to the appellee. Appellee's counsel objected and the objection eventually was sustained. During the argument over the objection, appellants' counsel managed to ask additional questions of Trooper Strniste eliciting testimony that he had issued a citation to the appellee for driving left of center. The jury was instructed to disregard the testimony regarding the citation "unless it later develops that she was, in fact, found guilty." (Tr. at 110).

Ms. Lock was subsequently called as an adverse witness. *W.Va.R.Civ.P.* 43(b). She testified that she pleaded guilty to the citation and paid a fine.

■ Issuance of a citation by the investigating officer is irrelevant, and the trial court did not err in instructing the jury to disregard Trooper Strniste's testimony. *Thornsbury v. Thornsbury*, 147 W.Va.

771, 785, 131 S.E.2d 713 (1963); *Groves v. Compton*, 167 W.Va. 873, 280 S.E.2d 708 (1981).

Moreover, we find no prejudice to the appellant in the trial court's ruling, since the appellee admitted that she pleaded guilty. Evidence of such a plea is admissible. *Moore v. Skyline Cab Inc.*, 134 W.Va. 121, 132, 59 S.E.2d 437, 443–4 (1950); *Thornsbury v. Thornsbury, supra; Groves v. Compton, supra,* 167 W.Va. at 875, n. 1, 280 S.E.2d at 710, n. 1.

### III

During cross-examination of the defendant-appellee, the appellant's counsel used a pretrial deposition of the defendant in an effort to impeach her by prior inconsistent statements. The appellants contend that the trial court impermissibly intruded upon and interrupted this portion of the cross-examination and in doing so made improper comments on the evidence.

In syllabus point 5 of *Addair v. Bryant,* 168 W.Va. 306, 284 S.E.2d 374 (1981), we held:

> While a specific foundation need not initially be made to impeach a witness with a prior inconsistent statement, the witness must be informed of the general nature of his prior inconsistent statement, and be afforded the opportunity to explain or deny the same. There is also a right, if requested, on the part of his counsel to see any prior written statement or to have disclosed the contents of a prior inconsistent oral statement during the course of interrogation. All of the above is subject to the sound discretion of the trial court.

We find, from our reading of the trial record, no error relating to the use of the defendant's deposition. Appellant's counsel was unfettered during cross-examination of the defendant. It appears that the court did interrupt the cross-examination because of his belief that there was no inconsistency between the deposition and trial testimonies with respect to whether the defendant was driving too fast for the road conditions. We do not believe that the court was commenting on the weight of the evidence or on the credibility of the witness. Rather he was stating the bases first for questioning the propriety of the use of defendant's deposition and later for sustaining an objection. Syllabus pt. 3 of *Ellison v. Wood & Bush Co.,* 153 W.Va. 506, 170 S.E.2d 321 (1969) states: "It is not improper for a trial judge to express in the presence and hearing of the jury the mere legal basis of his ruling upon an objection to the admissibility of particular evidence." We find no error in the trial judge's remarks.

### IV

The plaintiffs objected to and moved to strike the testimony of one defense witness called to testify about the snowy road conditions. The ground of the objection was that the witness had not driven on the same section of Route 33 where the defendant's vehicle had slid and that he was therefore incompetent to testify about the road conditions. His testimony revealed that he lived about a quarter mile from the accident scene, had driven to the scene, but had approached from the west rather than the east. This witness was only one out of many who testified that the road was snow-covered, slushy, and slippery. His observations of the road conditions while driving within a quarter-mile radius of the accident scene are not so remote as to render his testimony irrelevant. *See Wilson v. Fleming,* 89 W.Va. 553, 562, 109 S.E. 810 (1921). Moreover, his testimony was, at the very worst, cumulative. There was no error in admitting it.

### V

There was no error in the denial by the trial judge of the appellant's motion for a directed verdict.

> "Questions of negligence, due care, proximate cause and concurrent negligence present issues of fact for jury determination when the evidence pertaining to such issues is conflicting or where facts, even though undisputed, are such that reasonable men may draw different conclusions from them." Syllabus pt. 5,

*Hatten v. Mason Realty Co.*, 148 W.Va. 380, 135 S.E.2d 236 (1964).

Syl. pt. 1, *Ratlief v. Yokum*, 167 W.Va. 779, 280 S.E.2d 584 (1981).

"The mere fact that an automobile skids on the road is not alone evidence of negligence on the part of the driver." *Sigmon v. Mundy*, 125 W.Va. 591, 25 S.E.2d 636 (1943); *Woodley v. Steiner*, 112 W.Va. 356, 164 S.E. 294 (1932), *cited in Boury v. Hamm*, 156 W.Va. 44, 48, 190 S.E.2d 13, 16 (1972).

■ Violation of a statute, as admitted by the defendant, does not mandate a directed verdict. Such violation is *prima facie* evidence of negligence. However, the jury must still find that the violation was the proximate cause of the injury. *See* Syl. pt. 1, *Moore v. Skyline Cab Co., supra.* Plaintiff's Instruction No. XI so instructed the jury.

The question of defendant's negligence was in controversy and was therefore suited to a jury determination.

### VI

The appellants assign as error the giving, over their objection, of Defendant's Instruction No. 5 which instructed the jury to find in favor of the defendant if they believed that plaintiffs' injuries resulted from an unavoidable accident.

■ This Court has said that "unavoidable accident" instructions in negligence cases are looked upon with disfavor and should ordinarily be refused. *Edwards v. Lynch*, 154 W.Va. 388, 396, 175 S.E.2d 632, 637 (1970). In syl. pt. 2 of *Cook v. Harris*, 159 W.Va. 641, 225 S.E.2d 676 (1976), we held: "The law does not look kindly on the

concept of unavoidable accident in negligence cases." *

■ Syllabus point 9 of *Kesner v. Trenton*, 158 W.Va. 997, 216 S.E.2d 880 (1975) provides: "It is prejudicial error to charge a jury on the theory of unavoidable accident where actionable negligence of the alleged tort-feasor is supported by the evidence." *Cf. Boury v. Hamm*, 156 W.Va. 44, 190 S.E.2d 13 (1972).

■ The giving of the "unavoidable accident" instruction, in the case before us, was reversible error because there was evidence of defendant's negligence, *Kesner v. Trenton, supra* and because there was evidence that sliding sideways while descending a slushy, snow-covered roadway could be reasonably anticipated. *Hollen v. Linger*, 151 W.Va. 255, 259–60, 151 S.E.2d 330, 333 (1966).

### VII

The trial court gave two instructions, Plaintiffs' Instruction No. X and Defendant's Instruction No. 6, over objections, pertaining to the defense of sudden emergency. A third instruction, Plaintiffs' Instruction No. XII, was refused.

This Court, in numerous cases, has recognized the sudden emergency doctrine. *Lewis v. Kirk*, 168 W.Va. 199, 283 S.E.2d 846 (1981); *Ratlief v. Yokum*, 167 W.Va. 779, 280 S.E.2d 584 (1981); *Young v. Ross*, 157 W.Va. 548, 202 S.E.2d 622 (1974); *Poe v. Pittman*, 150 W.Va. 179, 144 S.E.2d 671 (1965); *Reilley v. Byard*, 146 W.Va. 292, 119 S.E.2d 650 (1961).

■ In syllabus point 2 of *Ratlief v. Yokum*, we held:

---

* In a number of jurisdictions, unavoidable accident instructions are disapproved because such instructions are unnecessary and misleading. *See Butigan v. Yellow Cab Co.*, 49 Cal.2d 652, 320 P.2d 500, 65 A.L.R.2d 1 (1958); *Schaub v. Linehan*, 92 Idaho 332, 442 P.2d 742 (1968); *Fenton v. Aleshire*, 238 Or. 24, 393 P.2d 217 (1964); *Alaska Brick Co. v. McCoy*, 400 P.2d 454 (Alaska 1965); *City of Phoenix v. Camfield*, 97 Ariz. 316, 400 P.2d 115 (1965); *Chadwick v. Miller*, 169 Ga.App. 338, 312 S.E.2d 835 (1983); Annot., 65 A.L.R.2d 12; Prosser and Keeton, *The Law of Torts* § 29 (5th Ed.1984). *See also*

*Meyer v. Johnson*, 254 N.W.2d 107 (S.D.1977); *Cordell v. Scott*, 79 S.D. 316, 111 N.W.2d 594 (1961).

The confusion derives from the injection into the trial of an unnecessary issue. If the defendant acted without negligence, then she would not be liable, and there would be no need for the jury to decide the question of unavoidability. The instruction may mislead the jury into thinking that unavoidability is "a separate ground of nonliability" apart from the absence of negligence or proximate cause. *Butigan v. Yellow Cab Co., supra* 320 P.2d at 505.

"A person in a sudden emergency not created in whole or in part by his own negligence, who acts according to his best judgment or who, because of insufficient time to form a judgment, fails to act in the most judicious manner, is not guilty of actionable negligence if he exercises the care which would be exercised by a reasonably prudent person in like circumstances." Syllabus Point 2, *Reilley v. Byard*, 146 W.Va. 292, 119 S.E.2d 650 (1961).

In *Reilley v. Byard, supra*, 146 W.Va. at 299–300, we analyzed the applicability of the sudden emergency doctrine:

The application of the sudden emergency doctrine ordinarily involves a judicial determination by the trier of fact of three factual propositions: (1) Whether the defendant was confronted with a sudden emergency; (2) if so, whether the emergency was created by the defendant; and (3) if the defendant was confronted with a sudden emergency not created in whole or in part by his own negligence, whether in the circumstances of such emergency he acted as a reasonably prudent person would have acted in like circumstances. (citations omitted).

■ Defendant's Instruction No. 6 conformed to the standards set forth in *Ratlief v. Yokum, supra* and *Reilley v. Byard, supra*. There was no error in giving this instruction.

■ Plaintiff's Instruction No. XII was derived directly from the above-quoted passage of *Reilley v. Byard*. *See also* Syl. pt. 3, *Young v. Ross, supra*. However, there was no error in refusing Instruction No. XII because the subject was adequately covered by Plaintiff's Instruction No. X and Defendant's Instruction No. 6.

■ " 'It is not error to refuse to give an instruction to the jury, though it states a correct and applicable principle of law, if the principle stated in the instruction refused is adequately covered by another instruction or other instructions given.' Syl. pt. 2, *Jennings v. Smith*, 165 W.Va. 791, 272 S.E.2d 229 (1980), *quoting*, syl. pt. 3, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966)." Syl. pt. 2, *McAllister v.*

*Weirton Hospital Co.*, 173 W.Va. 75, 312 S.E.2d 738 (1983).

Because of the error in giving an instruction on unavoidable accident, the judgment of the Circuit Court of Randolph County is reversed, and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.