484 S.E.2d 171

**Sandra GONZALEZ, Plaintiff Below, Appellee,**

v.

**Sean M. CONLEY, Defendant Below, Appellant.**

No. 23567.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 29, 1997.

Decided Feb. 21, 1997.

Daniel C. Cooper, Steptoe & Johnson, Clarksburg, for Appellant.

Frank E. Simmerman, Jr., Johnson, Simmerman & Broughton, L.C., Clarksburg, for Appellee.

PER CURIAM:

The appellant, Sean M. Conley, appeals the November 15, 1995 order of the Circuit Court of Harrison County which entered

judgment notwithstanding the verdict on the issue of appellant's liability and granted a new trial on the issue of damages in a negligence case arising out of a car accident. Prior to the entering of this order a jury had returned a verdict finding that the appellant, the defendant below, was not negligent. The appellee, the plaintiff below, is Sandra Gonzalez. For reasons explained in this opinion, we reverse the November 15, 1995 order of the circuit court.

## I

This case arose out of a car accident which occurred on January 10, 1992. The appellant maintains that he was driving west on secondary route 24, known as Meadowbrook Road, when he saw a light-colored truck pulling out in front of him from the right. In order to avoid hitting the truck, the appellant states that he applied emergency braking which caused his vehicle to slide across the center line and hit the vehicle in which the appellee was a passenger head on. The appellant testified that the roads were wet and muddy, which contributed to his losing control of his vehicle. The appellant further testified that there was nothing he could have done to prevent the accident. If he had not applied his brakes, he maintains he would have hit the truck that pulled out in front of him.

Conversely, the appellee states that the appellant agreed that he was going too fast in light of the attendant circumstances. Furthermore, the appellee maintains that neither the eyewitness of the accident, whom the appellant suggests may have been driving the truck that pulled out in front of him, nor the appellee's husband, who was driving the car in which she was a passenger, saw a truck pull out in front of the appellant's car. Moreover, the appellee notes that the appellant did not tell the investigating police officer about the truck that pulled out in front of him on the day of the accident. Instead, the appellant mentioned the truck to the police officer the next day. Though the appellee acknowledges that the roads were wet, the appellee disputes that there was mud on the road.

The investigating police officer, who stated during the trial that he was a trained and certified accident reconstructionist, testified that in his opinion the appellant was at fault in causing the car accident. The officer also testified that there was no mud on the road on the day of the accident. The officer further testified that he did not have a chance to take appellant's statement on the day of the accident because the appellant was being loaded into an ambulance soon after the officer arrived at the accident scene.

After hearing the evidence, the jury returned a verdict finding that the appellant was not negligent. The trial judge, when vacating the jury's verdict and entering judgment notwithstanding the verdict in his November 15, 1995 order, stated:

[I]t was clearly proven by the [appellee] that the [appellant] was negligent and that such negligence was the proximate cause of the injuries of the [appellee].

Wherefore, *the verdict* previously returned herein by the jury on June 13, 1995, *is against the clear weight of the evidence and to allow such verdict to stand would result in a miscarriage of justice.*

(emphasis added). In support of his entering judgment notwithstanding the verdict, the trial judge made the following findings of fact:

1. [The appellant] was operating his vehicle too fast for existing conditions at the time of the accident;

2. [The appellant] lost control of his vehicle;

3. [The appellant's] vehicle traveled left of the center line, striking the [appellee's] vehicle virtually head on; and

4. [The appellee] was a guest passenger, incapable of negligence under the attendant circumstances.

The trial judge in his November 15, 1995 order also granted a new trial on the issue of damages.

The appellant maintains that the trial judge wrongly applied the standard used to determine whether a new trial should be granted when deciding to enter judgment notwithstanding the verdict. If the proper standard had been applied, the appellant as-

serts that judgment notwithstanding the verdict could not have been entered based upon the facts of this case. Thus, the appellant appeals the November 15, 1995 order.

## II

The issue in this case is very simple: Was judgment notwithstanding the verdict properly entered? As we explained in *McClung v. Marion County Commission*, 178 W.Va. 444, 360 S.E.2d 221 (1987) a trial judge may not enter judgment notwithstanding the verdict unless he or she determines that the evidence is clearly insufficient to support the verdict reached by a jury in a civil case:

'In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved.' Syl. pt. 5, *Orr v. Crowder*, 173 W.Va. 335, 315 S.E.2d 593 (1983), *cert. denied*, 469 U.S. 981, 105 S.Ct. 384, 83 L.Ed.2d 319 (1984).

*Id.* at syl. pt. 6. *See also Mildred L.M. v. John O.F.*, 192 W.Va. 345, 349, 452 S.E.2d 436, 440 (1994).

■ Although the record is unclear, it appears that the trial judge did not use the above standard when deciding to enter judgment notwithstanding the verdict. Instead, the trial judge stated in his November 15, 1995 order that "the verdict ... is against the clear weight of the evidence and to allow such a verdict to stand would result in a miscarriage of justice." Furthermore, he made reference to syllabus point 3 of *In re State Public Building Asbestos Litigation*,

193 W.Va. 119, 454 S.E.2d 413 (1994), *cert. denied, W.R. Grace & Co. v. West Virginia*, 515 U.S. 1160, 115 S.Ct. 2614, 132 L.Ed.2d 857 (1995), during the August 4, 1995 hearing on the appellee's "Motion for Judgment Notwithstanding the Verdict, in the Alternative, for a New Trial." [1] These statements suggest that the trial judge applied the following standard used to determine whether a new trial should be granted:

A motion for a new trial is governed by a different standard than a motion for a directed verdict. When a trial judge vacates a jury verdict and awards a new trial pursuant to Rule 59 of the *West Virginia Rules of Civil Procedure*, the trial judge has the authority to weigh the evidence and consider the credibility of the witnesses. *If the trial judge finds the verdict is against the clear weight of the evidence*, is based on false evidence *or will result in a miscarriage of justice, the trial judge may set aside the verdict*, even if supported by substantial evidence, and *grant a new trial*. A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion.

Syl. pt. 3, *In re State Public Building Asbestos Litigation, supra* (emphasis added).

■ The distinction between the effect of entering a judgment notwithstanding the verdict as opposed to granting a new trial is substantial and thus, warrants a different standard of review. *See Id.* at 126 n. 4, 454 S.E.2d at 420 n. 4. When a trial judge vacates the jury verdict by entering judgment notwithstanding the verdict, the trial judge is entering a final judgment which ends litigation on the issue upon which judgment has been entered. "In performing this analysis, the credibility of the witnesses will not be considered, conflicts in testimony will not be resolved, and the weight of the evidence will

1. The authority to enter a judgment notwithstanding the verdict is found in *W. Va. R. Civ. P.* 50(b), and the authority to grant a new trial is found in *W. Va. R. Civ. P.* 59.

Rule 50 of the *Federal Rules of Civil Procedure* differs from our rule 50 in that it was amended by abandoning the terms "directed verdict" and "judgment notwithstanding the verdict" and using in their place the phrase "judg-

ment as a matter of law." *See generally Fed. R.Civ.P.* 50 advisory committee's note. *See also Barefoot v. Sundale Nursing Home*, 193 W.Va. 475, 482 n. 7, 457 S.E.2d 152, 159 n. 7 (1995). We noted in *Barefoot* that "[t]he amendment did not ... affect either the standard by which a trial judge reviews motions under the rule or the standard by which an appellate court reviews a trial court's ruling." *Id.*

not be evaluated." *Barefoot v. Sundale Nursing Home,* 193 W.Va. 475, 482, 457 S.E.2d 152, 159 (1995). *See also Alkire v. First National Bank of Parsons,* 197 W.Va. 122, 128, 475 S.E.2d 122, 128 (1996). Moreover, while this Court's review of the trial judge's entry of judgment notwithstanding the verdict "is plenary, it also is circumscribed because we must review the evidence in the light most favorable to the [non-movant]." *Barefoot,* 193 W.Va. at 482, 457 S.E.2d at 159.

■ Conversely, when a trial judge vacates a jury verdict and grants a new trial, he or she does not enter a final judgment.[2] Thus, a trial judge granting a new trial has more discretion in determining whether such action is warranted. *See* syl. pt. 3, *In re State Public Building Asbestos Litigation, supra.* The trial judge may "weigh the evidence and consider the credibility of the witnesses." *Id.* at syl. pt. 3, in relevant part. In doing so the trial judge does not invade the function of the fact finder because the trial judge granting a new trial is simply sending the issue back to the fact finder. Though this Court has made clear that the power to grant a new trial should be used sparingly, this Court will not review a trial judge's decision to grant a new trial unless the trial judge abuses his or her discretion. *Id.*

Therefore, because the trial judge in the case before us treated his decision to enter judgment notwithstanding the verdict in the same manner as he would his decision to grant a new trial, the trial judge improperly invaded the jury's function by weighing the evidence and considering the credibility of the witnesses. When entering the judgment notwithstanding the verdict, the trial judge effectively precluded the jury from determining whether the appellant was negligent. As indicated above, a trial judge may only enter judgment notwithstanding the verdict when "the facts and inferences point so strongly and overwhelmingly in favor of the movant that no reasonable jury could have reached a verdict against the movant." *Alkire,* 197

W.Va. at 128, 475 S.E.2d at 128 (*citing Barefoot,* 193 W.Va. at 482, 457 S.E.2d at 159).

■ Having established the trial judge's responsibility when evaluating whether the entry of judgment notwithstanding the verdict is appropriate, we must now examine this Court's responsibility when reviewing whether a trial judge's entry of judgment notwithstanding the verdict was, in fact, proper. Recently, this Court more fully explained the standard used to review a trial court's granting of a motion for judgment notwithstanding the verdict:

2. In reviewing a trial court's granting of a motion for judgment notwithstanding the verdict, it is not the task of the appellate court reviewing facts to determine how it would have ruled on the evidence presented. Its task is to determine whether the evidence was such that a reasonable trier of fact might have reached the decision below. Thus, in ruling on the granting of a motion for judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the nonmoving party. If on review, the evidence is shown to be legally sufficient to sustain the verdict, it is the obligation of the appellate court to reverse the circuit court and to order judgment for the appellant.

3. The granting of a motion for judgment notwithstanding the verdict is reviewed *de novo,* which triggers the same stringent decisional standards that are used by the circuit courts. While a review of this motion is plenary, it is also circumscribed because we must review the evidence in a light most favorable to the nonmoving party.

Syl. pts. 2 and 3, *Alkire, supra.*

■ Thus, in the case before us, this Court, without considering the credibility of the witnesses, without resolving the conflicts in testimony and without evaluating the weight of the evidence, will scrutinize the proof and inferences derivative from the evidence in the light most favorable to the

---

**2.** Although an order granting a new trial is not a final order, *W. Va.Code,* 58–5–1(i) [1925] permits appeals from an interlocutory order granting a

new trial. *See also Coleman v. Sopher,* 194 W.Va. 90, 95, 459 S.E.2d 367, 372 (1995).

appellant (the nonmoving party) in order to determine whether the fact finder could have reached but one conclusion: that the appellee was entitled to judgment. *See Alkire,* 197 W.Va. at 128, 475 S.E.2d at 128.

As we previously stated, the appellant maintained that there was nothing he could have done to prevent the accident. The appellant testified that if he had not applied his brakes and slid on the wet and muddy road into the car in which the appellee was a passenger, he would have hit the truck that pulled out in front of him.

Conversely, the appellee argues that because the appellant conceded that he was driving too fast for the attendant circumstances, that he lost control of his vehicle and that he crossed the center line hitting the vehicle in which the appellee was a passenger, he was negligent as a matter of law. Moreover, the appellee maintains that neither the eyewitness of the accident nor the driver of the car in which the appellee was a passenger saw a truck pull out in front of the appellant.

In response to the appellee's arguments, the appellant notes that this Court has made clear that the fact that a vehicle skids into another car is not alone sufficient evidence to support finding the driver negligent. *See Waugh v. Traxler,* 186 W.Va. 355, 359, 412 S.E.2d 756, 760 (1991) (The fact that an automobile skids on icy roads across the center line striking another vehicle is not evidence of negligence on the part of the driver as a matter of law); *White v. Lock,* 175 W.Va. 227, 232, 332 S.E.2d 240, 244 (1985) (A driver who loses control of her car on snowy roads and slides into another car is not negligent as a matter of law). More importantly, the appellant argues that the jury weighed the conflicting evidence and decided that a reasonable person in his situation would have lost control; therefore, he was not negligent.

■ When reviewing the evidence in the light most favorable to the appellant, we conclude that the facts and inferences are not so strongly and overwhelmingly in favor of the appellee that no reasonable jury could have reached a verdict against the appellee. As highlighted by the parties' arguments above, the evidence was conflicting. We have made clear that "[q]uestions of negligence, due care, proximate cause and concurrent negligence present issues of fact for jury determination when the evidence pertaining to such issues is conflicting or where the facts, even though undisputed, are such that reasonable men may draw different conclusions from them." Syl. pt. 5, *Hatten v. Mason Realty Co.,* 148 W.Va. 380, 135 S.E.2d 236 (1964). *See also* syl. pt. 1, *White, supra.* Thus, we conclude that the trial judge erred by vacating the jury's verdict and entering judgment notwithstanding the verdict.[3]

### III

■ The appellee raises a cross assignment of error: Did the trial judge err in allowing the appellant to introduce into evidence testimony that the West Virginia Department of Highways, subsequent to the accident and unrelated to the accident, redesigned and reconstructed the *intersection* where the accident occurred?

The appellee maintains that the introduction of this evidence was not relevant pursuant to *W. Va. R. Evid.* 402.[4] Conversely, during the trial the appellant argued that the evidence of the redesign and reconstruction of the intersection was relevant to show that the intersection, prior to the redesign, had limited sight distance. According to the appellant, this would explain why he was unable to see the light-colored truck pull out in front of him within enough time to safely apply his brakes.

■ In syllabus points 1 and 3 of *McDougal v. McCammon,* 193 W.Va. 229, 455 S.E.2d 788 (1995) this Court held:

1. The West Virginia Rules of Evidence and the West Virginia Rules of Civ-

---

3. As previously indicated, the trial judge also granted a new trial on the issue of damages. However, based on our holding that the jury verdict for the appellant is to be reinstated, the issue of damages is moot.

4. *W. Va. R. Evid.* 402 states: "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of the State of West Virginia, by these rules, or by other rules adopted by the Supreme Court of Appeals. Evidence which is not relevant is not admissible."

il Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence and the appropriateness of a particular sanction for discovery violations are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard.

3. ' "A judgment will not be reversed because of the admission of improper or irrelevant evidence when it is clear that the verdict of the jury could not have been affected thereby." Syllabus Point 7, *Starcher v. South Penn Oil Co.*, 81 W.Va. 587, 95 S.E. 28 (1918).' Syllabus Point 7, *Torrence v. Kusminsky*, 185 W.Va. 734, 408 S.E.2d 684 (1991).

We do not find that the trial judge abused his discretion in admitting the evidence of the subsequent redesign and reconstruction of the intersection where the accident took place. However, even if the trial judge had abused his discretion in admitting such evidence, the appellee has failed to explain how the admission of such evidence affected the jury verdict. Accordingly, based on all of the above, we reverse the November 15, 1995 order of the Circuit Court of Harrison County.

Reversed.