UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RANDY B. SMITH; DEBORAH SMITH,
Plaintiffs-Appellants,

v.

No. 97-1505

TODD M. ROTENBERRY; WESTFIELD
INSURANCE COMPANY,
Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Charles H. Haden II, Chief District Judge.
(CA-95-1118-6)

Argued: January 30, 1998

Decided: March 13, 1998

Before HAMILTON and LUTTIG, Circuit Judges, and
VOORHEES, Chief United States District Judge for the
Western District of North Carolina, sitting by designation.

_____

Vacated and remanded for new trial by unpublished per curiam opin-
ion.

_____

**COUNSEL**

**ARGUED:** Thomas Ryan Goodwin, GOODWIN & GOODWIN,
L.L.P., Charleston, West Virginia, for Appellants. Brent Karleton
Kesner, KESNER, KESNER & BRAMBLE, Charleston, West Vir-
ginia, for Appellees. **ON BRIEF:** Richard E. Rowe, Suzanne Jett

Trowbridge, GOODWIN & GOODWIN, L.L.P., Charleston, West Virginia, for Appellants. Ellen R. Archibald, KESNER, KESNER & BRAMBLE, Charleston, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This diversity action arose from an accident on October 5, 1994, involving a pickup truck driven by Todd Rotenberry (Rotenberry) and a sport-utility vehicle driven by Randy Smith. Randy Smith and his wife Deborah (the Smiths) sued Westfield Insurance Company (Westfield), alleging they were entitled to underinsured motorists (UMI) coverage for personal injuries under the insurance policy issued to them by Westfield. In their complaint, the Smiths also alleged that Westfield acted in bad faith in handling their UMI claim. Prior to trial, Rotenberry was joined as nominal defendant. [1] The district court stayed the trial of the bad faith claim and proceeded to trial on the personal injury claims. The jury returned a verdict in favor of the defendants. The Smiths appeal, contending principally that the district court committed reversible error when it gave a sudden emergency instruction to the jury over their objection. We agree and accordingly vacate the district court's judgment and remand the case for a new trial.

I

On the morning of October 5, 1994, Rotenberry was driving his Chevrolet S-10 pickup truck west on Route 33, a two-lane highway,

_____

[1] With Westfield's consent, Rotenberry's insurer settled with the Smiths. For this reason, Rotenberry was not named as a defendant in the Smiths' complaint against Westfield.

2

toward a subdivision near Ripley, West Virginia. As Rotenberry entered into a curve near the top of a hill, he saw five to ten medium sized pieces of gravel scattered about a foot into the highway. This portion of the highway had a gravel berm. As his tires hit the gravel, his pickup truck spun out of control, swerved across the highway, and collided with a Chevrolet Suburban driven by Randy Smith.**2** The collision forced Smith's vehicle over the guardrail. As a result of the accident, Smith was injured.**3**

On March 6, 1997, the personal injury claims went to trial. Over the Smiths' objection, the district court instructed the jury on the doctrine of sudden emergency. The jury returned a verdict in favor of the defendants. The district court entered judgment in accordance with the jury's verdict on March 11, 1997. The Smiths noted a timely appeal.

II

The principal issue in this appeal is whether the district court committed reversible error when it instructed the jury on the doctrine of sudden emergency. The gist of the Smiths' argument is that five to ten medium-sized pieces of gravel on the highway does not constitute a sudden emergency under West Virginia law, the law the parties concede applies to this case. Under West Virginia law, a defendant is entitled to a sudden emergency instruction when the evidence presented gives rise to an inference that the defendant was confronted with a sudden emergency not created by his or her own negligence. See Moran v. Atha Trucking, Inc., 1997 WL 751960, at *5 (W.Va. December 5, 1997).**4** When the evidence presented gives rise to an inference that the defendant was confronted with a sudden emer-

_____

**2** Although apparently discounted by the jury, two eyewitnesses to the accident testified that they did not see any gravel on the highway. In addition, there was no evidence presented at trial, from the investigating officer or otherwise, that there were any discernible skid or scuff marks on the highway.

**3** In their complaint, the Smiths alleged that Deborah Smith suffered the loss of her husband's services, advice, and consortium.

**4** We recognize that at the time the district court entered its judgment, the district court did not have the benefit of the Moran decision.

3

gency, it is for the jury to determine whether: (1) the defendant was confronted with a sudden emergency; (2) the emergency was created in whole or in part by the defendant; and (3) the defendant acted as a reasonably prudent person would have under identical or similar circumstances. Id.

According to West Virginia law, a sudden emergency is not created by driving events that are foreseeable or should be anticipated. See id. at *10 (A sudden emergency instruction is inappropriate when the emergency faced by the motorist is "nothing more than an everyday traffic problem" for which the motorist should be prepared.) (citation and internal quotes omitted); id. ("[W]hen the `emergency' should have been anticipated, the ordinary rules of negligence are applicable and provide an adequate gauge by which to appraise a party's conduct."). Examples of anticipated driving events that have been held not to warrant sudden emergency instructions include where: (1) an emergency vehicle was present on the highway, see Lewis v. Kirk, 283 S.E.2d 846, 848-49 (W.Va. 1981); and (2) a motorist stopped suddenly on the highway because of road repair, see Crum v. Ward, 122 S.E.2d 18, 29 (W.Va. 1961). In contrast, examples of unanticipated driving events that have been held to warrant sudden emergency instructions include where: (1) a pedestrian "popped" out in front of a motorist so that the motorist "did not even `have time to think,'" Moran, 1997 WL 751960, at *14; and (2) a motorist was suddenly confronted with an oncoming vehicle in his lane of traffic, see Mulroy v. Cooperative Transit Co., 95 S.E.2d 63, 72 (W.Va. 1956).

We conclude the district court committed reversible error when it instructed the jury on the doctrine of sudden emergency because Rotenberry was not confronted with a sudden emergency as that term is interpreted under West Virginia law. It is hardly unexpected or unforeseen that a motorist will encounter five to ten medium sized pieces of gravel on the highway, especially when the motorist is traveling along a portion of the highway that has a gravel berm. To hold otherwise would make the presence of any substance on the highway, including dirt and casual water, a sudden emergency. We cannot envision that the West Virginia Supreme Court of Appeals would reach such a conclusion, especially since less than three months ago in Moran, the court opined that sudden emergency instructions were "overused, particularly in automobile accident cases." Moran, 1997

4

WL 751960, at *10. In short, the presence of a small quantity of gravel on the highway is an event that a motorist should anticipate and, therefore, a sudden emergency instruction was inappropriate in this case. Because the giving of a sudden emergency instruction in this case was prejudicial error, we vacate the judgment of the district court and remand the case for a new trial.

VACATED AND REMANDED FOR NEW TRIAL